## HALL *v.* MEMPHIS & CHARLÉSTON R. Co.

*(Circuit Court, W. D. Tennessee. December 24, 1881.)*

1. CARRIERS OF PASSENGERS— LIMITED TICKETS—EJECTION FOR NON-PAYMENT OF FARE—CONTRIBUTORY NEGLIGENCE.

    Although a passenger may have the right to be carried under a special contract, if he be not provided with a ticket the conductor can recognize, he must pay the fare demanded by the conductor, under a reasonable regulation requiring him to demand a fare of persons without tickets, and cannot insist on being expelled by force as a foundation for a suit for damages for wrongful expulsion. By this conduct he contributes to his injuries, which are the direct result of his own conduct, and not of the breach of any special contract he may have for his carriage.

Mr. and Mrs. Hall are a gentleman and a lady aged 85 and 76, living at Town Creek, Alabama. Last April they desired to go to Texas, and purchased three round-trip tickets to Memphis for themselves and daughter. According to his proof he was not aware of a limitation printed on the tickets, " Not good after 30 days," and carried them back to the station agent to get unlimited tickets, and the agent told him they were good after the 30 days, and he would not be put off the train if he kept them. On his return home the conductor refused to take the tickets, and demanded train fare. The old gentleman offered to pay the difference between the price of the tickets and train fare, and told the conductor that if he did not accept that proposition he would have to put them off by force, which the conductor did, putting them off at White's station, where they spent the night at the station-house under circumstances of great discomfort and some injury to the old gentleman and lady. The conductor tried to persuade him to pay the fare at least to Collierville, and told him he disliked to put him off under the circumstances, but would have to do it. The agent denied that he had told the plaintiff that he could ride on the tickets after they had expired. There was a great conflict of testimony in the case, on most of the points, as to whether the plaintiff had been misled about the tickets.

*Wright & Folkes,* for plaintiff.

*Humes & Poston,* for defendant.

HAMMOND, D. J., *(charging jury.)* It being an undisputed fact in this case that the plaintiff was provided with the money to pay the fare demanded by the conductor, it was his duty to have paid it if he desired to continue his journey in that train, whatever may have been his rights under the special contract he seeks to prove in this case; and the regulation of the company requiring the conductor to eject a passenger who refuses to pay the conductor's rates was not unreasonable. Whatever injury the plaintiff received was the direct result of his refusal to comply with this reasonable regulation, was not the result of the breach of any contract made for his carriage, and he cannot complain of injuries so received unless you

find that unnecessary force was used in expelling him; and then, on the undisputed facts of the case, the resistance he offered to the conductor would contribute to those injuries to that extent, that, in this case, he would be entitled to recover nothing on that score. And now, on the undertaking of the defendant's counsel that a verdict may be entered up for the money paid by the plaintiff for the extra tickets, if the court shall conclude, on the motion for a new trial, or on further consideration without such motion, that the plaintiff in this action is entitled to it, you are instructed to find for the defendant company.

The court added that it was his opinion, and it was proper to express it, that, in consideration of the extreme age of this lady and gentleman, the conductor should have exercised a discretion he clearly had to not enforce the rule, by taking them at least to Collierville, where they could have had better accommodations than at the place he put them out; but this was, strictly, only a privilege or courtesy to be shown to old age, and not a legal right.